**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

ROSEMARY MATTA,
    Plaintiff,

v.

THE HON. BARBARA J. ROUSE and
MANUEL SANTOS,
    Defendants.

CIVIL NO. 14-10411-PBS

**MEMORANDUM AND ORDER**

December 5, 2014

Saris, Chief Judge.

    Plaintiff Rosemary Matta brings this action pursuant to 42 U.S.C. § 1983 against defendants the Honorable Barbara J. Rouse, Chief Justice of the Massachusetts Superior Court, and Manuel Santos, alleging violations of her due process rights during state court proceedings involving a contentious land dispute. Matta contends that Santos is attempting to enforce a contempt judgment, entered by Chief Judge Rouse, against her without any notice or hearing. In her view, the contempt judgment was issued against her deceased husband, who was incompetent by reason of dementia, and she had no knowledge of the proceedings. Both defendants have moved to dismiss. Defendant Rouse's motion to dismiss is **ALLOWED** without opposition, with prejudice, as stated at the hearing.

Santos has moved to dismiss Matta's claim on several grounds, including lack of subject matter jurisdiction,[1] failure to state a claim, and failure to join a necessary party. At the hearing, the parties devoted the bulk of their argument to whether Matta has sufficiently stated a claim under § 1983, which requires that the defendant be a state actor. See Lugar v. Edmondson Oil Co., 457 U.S. 922, 936-37 (1982) (involving prejudgment attachment proceeding). Santos is a private litigant seeking to enforce a contempt judgment against Matta, but if he engaged in "joint action" with the state court then he could be considered as acting under color of state law. See, e.g., Estades-Negroni v. CPC Hosp. San Juan Capestrano, 412 F.3d 1, 6-8 (1st Cir. 2005)(internal quotation marks and citation omitted) (under the "joint action/nexus" test, determining that a private actor did not become a state actor under § 1983 by participating in involuntary commitment proceedings).

Generally, "something more than mere resort to a state court is required to transform [a defendant] into a coconspirator or a joint actor with the judge." Casa Marie, Inc. v. Superior Court of Puerto Rico for the Dist. of Arecibo, 988 F.2d 252, 259 (1st Cir. 1993) (internal quotation marks and citation omitted) (holding that private use of state courts to enforce facially

---

[1] The court plainly has subject matter jurisdiction over a claim brought under 42 U.S.C. § 1983.

neutral and presumptively valid zoning ordinances and restrictive covenants did not constitute state action). It is true that in some circumstances, a private litigant may become a state actor through use of the court system where "the conduct allegedly causing the deprivation [is] fairly attributable to the state." Lugar, 457 U.S. at 937 (holding that debtor was deprived of his property by state action when creditor used state court's ex parte prejudgment attachment procedures to seize it); see generally Fuentes v. Shevin, 407 U.S. 67 (1972) (allowing plaintiff to pursue § 1983 claim against private creditor who used state prejudgment replevin statute). However, in Lugar, the Supreme Court noted that its holding "is limited to the particular context of prejudgment attachment." Lugar, 457 U.S. at 939 n.21.

It is doubtful that the Lugar and Fuentes case holdings would apply in the context of a contempt order issued by a state court judge. Moreover, the state court system provides an adequate opportunity for Matta to pursue her § 1983 claim: "[e]xcept in the most extraordinary circumstances, a federal court must presume that state courts, consistent with the imperatives of the Supremacy Clause . . . are fully competent to adjudicate federal constitutional and statutory claims properly presented by the parties." Casa Marie, 988 F.2d at 262. For these

reasons, Matta fails to state a viable claim of violation of § 1983.

Even if Santos could be called a state actor under § 1983, Matta has instituted a pending state court action against Santos, which concerns substantially the same question at issue here – the enforceability of the contempt judgment against Matta. As such, the Court declines jurisdiction under the Younger abstention doctrine. See Younger v. Harris, 401 U.S. 37 (1971). It is appropriate for a federal court to abstain from deciding a case "when the requested relief would interfere (1) with an ongoing state judicial proceeding; (2) that implicates an important state interest; and (3) that provides an adequate opportunity for the federal plaintiff to advance [her] federal constitutional challenge." Rossi v. Gemma, 489 F.3d 26, 34-35 (1st Cir. 2007). Matta requests a declaratory judgment stating that the underlying contempt judgment is void as a violation of her due process rights. Similarly, in the parallel state action, Matta makes a request in equity that the court rescind the contempt judgment along with the memorandum of understanding and any other obligations associated with her dispute with Santos.

A declaratory judgment from this Court voiding the contempt judgment would interfere with the ongoing state court action. Matta's state judicial proceeding implicates the administration of the state judicial system, specifically through the use of

4

civil contempt to enforce civil settlements and judgments, which the First Circuit has previously recognized as an important state interest. See Rossi, 489 F.3d at 35-36, citing Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 12-13 (1987) (holding that states "have important interests in administering certain aspects of their judicial systems"); and Casa Marie, 988 F.2d at 263 (noting "the unquestioned importance of [a government's] interest in enforcing the judgments of its courts through civil contempt proceedings").

Because Matta's claim against Santos meets all of the criteria of the Younger doctrine, the Court declines to exercise jurisdiction.

## ORDER

For the foregoing reasons, the defendant Rouse's motion to dismiss (Docket No. 9) is **ALLOWED** and the defendant Santos's motion to dismiss (Docket No. 4) is **ALLOWED**. The plaintiff's action is **DISMISSED** with prejudice.

                                          /s/ Patti B. Saris
                                          Patti B. Saris
                                          Chief United States District Judge